Reese, J.
delivered the opinion of the court.
In this case there are two questions for our determination: 1st. Is Mary Ann Moore, the complainant, the sister and heir at law of Thomas Wilson, deceased? The evidence, we think, fully sustains her claim to heirship.
2d. Does the defence of the administrators, on the ground of the alienage, either of Wilson the deceased, or of the complainant, avail them in this case? It seems probable from the proof that the deceased and the complainant reached the United States from Scotland, their native country, and became residents and had their domicil here in and before the close of the revolutionary war and the formation of the treaty of peace of 1783, prima facie, therefore the said Tho *409 mas Wilson and complainant were not aliens, for if as is said l>y Judge Kent “the course and prevailing doctrine now is, that by the treaty of peace of 1783, Great Britain and the United States became respectively entitled as against each other, to the allegiance.of all persons who were at the timé adhering to the governments respectively; and that those persons became alien to the government to which they did no't belong,” those who impute alienage in this case, must show that Wilson adhered to the British crown in the contest. For such adherence, his residence being at that time within the United States, and not his foreign birth, would constitute him an alien, and upon those who impute alienage rests thé burthen of proving such’adherence. Besides, the complainant has resided since 1780 within the United States, and has been twice married to American citizens, and she therefore is not an alien.
But by the provisions of the act of 1809, c 53, she can claim as heir of the deceased, whatever may have been her condition with respect to allegiance and citizenship. The decree of the chancellor in this case will be affirmed.
Decree affirmed.